UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA LYNN GARDNER,

        Plaintiff,

v.                                                                Case No: 6:21-cv-1405-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

**MEMORANDUM AND OPINION**

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for Social Security Disability Insurance benefits. Initially, an Administrative law Judge (ALJ) issued an unfavorable decision, but the Appeals council reversed and remanded the case. Upon remand, another ALJ issued an unfavorable decision and the Appeals Council denied review. Claimant's case before this Court followed.

Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

**I.    Issue on Appeal**

Whether the ALJ's RFC determination is supported by substantial evidence.

**II.    Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not

>decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed her application *before* March 27, 2017. The Commissioner states that the rules that were in effect at the time of the application will be cited. Doc. 25 at 25.

### III.     Discussion

Claimant argues that the ALJ erred in failing to consider Dr. Damani Hosey's January 9, 2020, Physical Residual Functional Capacity (RFC) medical source statement or July 7, 2020, Mental RFC medical source statement. Doc. 25 at 20. The ALJ found that Claimant has fibromyalgia and status post nephrectomy as severe impairments with an RFC to preform light work as defined in 20 CFR 404.1567(b) except:

>this claimant could lift up to twenty pounds occasionally and could lift or carry up to ten pounds frequently. This claimant could stand or walk for approximately six hours per eight-hour workday and sit for approximately six hours per eight-hour workday with normal breaks. This claimant could frequently climb ladders, ropes, scaffolds, ramps or stairs and frequently balance, stoop, crouch, kneel, or crawl.

R. 18, 20.

As such, the ALJ did not include any mental functional limitations in the RFC.[1] At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to

---

[1] Earlier in the decision, the ALJ found that "Because the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas <u>and</u> the

perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: (1) whether the physician has examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. 20 C.F.R. § 404.1527(c).

Testimony or opinions from a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). Thus, ordinarily, an ALJ's failure to explain the particular weight given to medical opinions results in reversible error. *Tillman v. Comm'r of Soc. Sec.*, 559 Fed. Appx. 975, 975 (11th Cir. 2014) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). However, when an ALJ's error does not affect the ALJ's ultimate findings, the error is harmless and the ALJ's decision will stand. *Tillman, supra*, at 975 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ's failure to assign weight to two doctors who treated plaintiff during his hospitalization harmless error)).

---

evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere (20 CFR 404.1520a(d)(1))." R. 19.

While Claimant concedes that the ALJ considered three medical source statements from Dr. Hosey, she argues that the ALJ "failed to mention, much less consider, Dr. Hosey's [medical source statement] from January 9, 2020 (Physical RFC assessment at R. 813) and July 7, 2020 (Mental RFC assessment at R. 895)."  Doc. 25 at 22.

Specifically, the ALJ discussed and considered Dr. Hosey's "Physical [RFC] Questionnaires" dated September 26, 2016, September 25, 2017, and July 7, 2020.  Doc. 20-7, 20-8.  These questionnaires covered Dr. Hosey's assessment of Claimant's renal cell carcinoma, fibromyalgia, generalized anxiety disorder, status post nephrectomy, type 2 diabetes, and the associated limitations.  *Id*.

> With respect to those opinions, the ALJ found the following:
>
> Damani Hosey, M.D., treating provider, opined in September 2016 that the claimant could sit, stand, or walk less than two hours in an eight-hour workday; could only rarely lift and carry ten pounds and less than ten pounds; could occasionally climb stairs, rarely twist, stoop, crouch, and squat, and never climb ladders; had limitations with reaching, handling, and fingering; and would be absent on average more than four days per month (Exhibit 7F/2-5). In September 2017, the doctor opined that the claimant could sit, stand, or walk less than two hours in an eight-hour workday; would need to walk every ten minutes for ten-minute periods; could rarely lift and carry ten pounds and occasionally lift and carry less than ten pounds; could occasionally twist, rarely climb stairs, and never stoop, crouch, squat, and climb ladders; would have manipulative limitations bilaterally with grasping, turning, twisting, fine manipulation, and reaching; and would be absent on average more than four days per month (Exhibit 8F/2-5). In July 2020, the doctor opined that the claimant could sit, stand, or walk for less than two hours in an eight-hour workday; could rarely lift and carry less than ten pounds; could rarely twist, stoop, crouch, and climb stairs and never climb ladders; would have limitations with repetitive reaching, handling, or fingering; and would likely be absent more than four days per month (Exhibit 20F/2-4). I give these opinions little weight, as they are generally not consistent with the record as a whole. Notably, the objective evidence does not support such significant limitations. Although the claimant reported that she has difficulty performing exertional and postural activities due to her fibromyalgia, the treatment record shows she had good ability to ambulate with normal gait, appropriate fine and gross manipulative skills, good motor strength, intact sensation, and negative straight leg raising bilaterally. The treatment record also demonstrates that the claimant had improvements with her fibromyalgia with Cymbalta and Tramadol (Exhibit 13E/1, 6-7; 3F/1-5; 4F/1-4;

> 6F/5-9; 11F/22-27; 16F/3-8). Therefore, the above opinions are granted little weight, as they are not supported by objective evidence of record.

R. 24.

Based on the foregoing, the parties agree that the ALJ did not discuss Dr. Hosey's January 9, 2020 Physical RFC Questionnaire and July 7, 2020 Mental RFC Assessment. Doc. 20-8. Claimant argues that "[w]ithout any record indication that the ALJ considered these two [medical source statements], it remains mere conjecture as to how the ALJ would have weighed them." Doc. 25 at 22. Claimant states that "the ALJ may have accorded these two [medical source statements] the same 'little weight' credibility that he accorded to the three [medical source statements] from Dr. Hosey that he, in fact, considered, such a conclusion is nothing more than an assumption." *Id*. at 23. Claimant contends that the ALJ may have accorded more than a "little weight" to these assessments and may have assigned different and greater weight to the three medical source statements that were considered. *Id*.

Claimant adds that the ALJ determined that Claimant's depression and anxiety were non-severe and accorded "little weight" to Mylan Kalman, Psy. D's medical source statement and may have accorded more weight to this assessment if he considered Dr. Hosey's Mental RFC assessment. *Id*. at 24. In this hypothetical, Claimant states that this may have led the ALJ to determine that the mental impairments were severe, and the RFC determination would have included these mental functional limitations. *Id*.

In response, the Commissioner contends that the RFC was supported by substantial evidence and the ALJ properly gave little weight to Dr. Hosey's opinions that were considered in making the RFC determination. *Id*. at 26-30. The Commissioner asserts that while the ALJ did not outline Dr. Hosey's two opinions, the limitations contained in the opinions are "largely duplicative" of Dr. Hosey's three opinions that were discussed and assigned weight in the decision.

*Id*. at 31.  For example, the Commissioner states in the January 9, 2020 opinion not discussed in the decision, Dr. Hosey opined that Claimant was incapable of performing low stress jobs which is an identical limitation identified in the September 26, 2016 and July 7, 2020 opinions which were weighed.  *Id*.  In the same January 9, 2020 opinion, Dr. Hosey determined that Claimant had attention and concentration deficits that would constantly interfere with simple work tasks which is a limitation also found in all three of the discussed opinions.  *Id*.

Likewise, the Commissioner points out that the opinions that the ALJ discussed and considered included Claimant's limitations regarding her ability to stand and sit and to shift position which was similarly found in the January 9, 2020 opinion that the ALJ did not specifically address.  *Id*. at 31-32.  That January 9, 2020 opinion also included postural and manipulative limitations wherein Dr. Hosey opined that Claimant would miss more than 4 days per month due to her impairments which are limitations that appeared in the three opinions that the ALJ did mention and consider.  *Id*.  Lastly, the Commissioner states that even though the ALJ did not specifically discuss Dr. Hosey's July 7, 2020 Mental RFC Assessment, the ALJ did address two other opinions in which Dr. Hosey opined that Claimant was incapable of performing even low stress jobs which is "substantially similar" to the July 2020 opinion.  *Id*. at 32.  Accordingly, the Commissioner concludes that the limitations in the July 7, 2020 Mental RFC Assessment are duplicative of the limitations that the ALJ considered and, therefore, there is no error.

A panel of the Eleventh Circuit, however, has rejected the Commissioner's position in an unpublished decision.  In *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020), the claimant argued that the ALJ committed reversible error by failing to mention or assign weight to a physician's handwritten note.  *Id.*  The panel found that "where the ALJ made no mention of the physician's opinion" and "failed to specify the weight given to that opinion, [the court] cannot

'determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* Notably, the court acknowledged that the physician's "note was duplicative information already considered expressly by the ALJ." *Id.* Ultimately, the court held that even if the ALJ assigns no weight to a physician's opinion, the ALJ must specify the weight and the failure to do so constitutes reversible error. *Id.* (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

As in *Bailey*, the ALJ's failure to mention or assign weight to Dr. Hosey's January 9, 2020 and July 7, 2020 opinions is reversible error even if the opinions are duplicative of the information already incorporated into the RFC. *Id.* Thus, the Court finds that the failure to mention, or specify the weight assigned to, the opinions is not harmless and requires reversal.

Moreover, the Commissioner's statement that the opinions are "largely duplicative" is a concession that they are not duplicates. While the three opinions that the ALJ does discuss mention Claimant's ability to tolerate a low stress job, impaired focus, and need for more than four days per month for absences, Dr. Hosey's July 7, 2020 Mental RFC Assessment, which was not discussed, includes additional and more specific limitations. In that assessment, Dr. Hosey also opined that Claimant was moderately limited in her ability to: (1) remember locations and work-like procedures; (2) maintain attention and concentration for extended periods; complete a normal workday without interruptions from psychological based symptoms; (3) interact appropriately with the general public; (4) accept instructions and respond appropriately to criticism from supervisors; and (5) respond appropriately to changes in the work setting. R. 895-986.

This opinion as well as the January 9, 2020 Physical RFC questionnaire, are clearly relevant to and probative of the resulting RFC and contain limitations that are not necessarily addressed in the three opinions that were discussed. At the very least, the potential impact of the

limitations in these opinions on the resulting RFC is reasonably disputed by the parties. As such, the Court "cannot say that the failure to address [these opinions] was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also*, *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [Claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

Since this issue is dispositive, the undersigned finds that there is no need to address any argument that may remain. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of § 405(g) for the above stated reasons; and

2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**ORDERED** in Orlando, Florida on May 17, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE